UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY KRIS RAMGOOLAM,

    Plaintiff,

v.                                                                                  Case No. 24-12725

DR. RITU GUPTA,                                                     F. Kay Behm
                                                                                   United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER**
**GRANTING DEFENDANT'S MOTION TO DISMISS**

    Plaintiff brought this action against his ex-wife, alleging breach of an Affidavit of Support that she signed under the Immigration and Nationality Act, 8 U.S.C. § 1181, *et seq*. The matter is currently before the Court on Defendant's Motion to Dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(1) and (6). The parties have briefed the issues and the Court heard oral argument on July 23, 2025. For the reasons below, the Court GRANTS the motion, to the extent that the Court concludes this action is barred by the doctrine of res judicata, and shall dismiss this action with prejudice.

**BACKGROUND**

1

A.    **Procedural Background**

On October 15, 2024, Plaintiff Randy Kris Ramgoolam ("Plaintiff" or "Ramgoolam") filed this action against his ex-wife, Defendant Dr. Ritu Gupta ("Defendant" or "Gupta"). Plaintiff filed the action in federal court based upon federal-question jurisdiction under U.S.C. § 1331, asserting that the action arises under the federal Immigration and Nationality Act 8 U.S.C. § 1183a(e)(1).

On April 21, 2025, Defendant filed a Motion to Dismiss. (ECF No. 15). Thereafter, this Court issued its standard order giving Plaintiff the option of either amending his complaint or responding to the motion. Plaintiff opted to respond to the motion and the motion has now been fully briefed.

B.    **Standard of Decision**

Defendant brings the instant Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6).

"Challenges to subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) 'come in two varieties: a facial attack or a factual attack.'" *Carrier Corp. v. Outokumpu Oyi,* 673 F.3d 430, 440 (6th Cir. 2012) (quoting *Gentek Bldg. Prod., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)). "Under a facial attack, all of the allegations in the complaint must be taken as true, much as with a Rule 12(b)(6) motion." *Carrier Corp.*, 673 F.3d at 440.

2

"Under a factual attack, however, the court can actually weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction." *Id*.

Here, the pending motion states that it is a factual attack on subject matter jurisdiction. (ECF No. 15 at PageID.412) ("This motion attacks the factual basis of the Court's subject matter jurisdiction based on the *Rooker-Feldman* doctrine."). Thus, as to the *Rooker-Feldman* challenge, the Court may consider matters outside of the pleadings.

Defendant's remaining challenge, based upon the doctrine of res judicata, is brought under Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss" under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

Generally, in considering such a motion to dismiss, the district court is "confined to considering only the pleadings, or else it must convert the motion into one for summary judgment under Rule 56." *Electronic Mech. Sys., LLC v. Gaal*, 58 F.4th 877, 883 (6th Cir. 2023). "However, the court may, in undertaking a 12(b)(6) analysis, take judicial notice of 'matters of public record, orders, items

3

appearing in the record of the case, and exhibits attached to the complaint." *Golf Vill. North, LLC, v. City of Powell,* 14 F.4th 611, 617 (6th Cir. 2021) (quoting *Meyers v. Cincinnati Bd. of Educ.*, 983 F.3d 873, 880 (6th Cir. 2020)). Thus, this Court may consider the Judgment of Divorce in the state-court action between the parties, without converting the motion into a summary judgment motion.[1]

### C. Relevant Allegations And Matters Of Public Record

Gupta is a United States citizen. (Compl. at ¶ 11). On January 5, 2017, Ramgoolam and Gupta were married in Canada. (Compl. at ¶ 14). The couple has one minor child together.

"Pursuing marriage-based Residency from within the United States requires two primary instruments: the U.S. citizen files a visa petition to establish the qualifying relationship (i.e., a bona fide marriage); the foreign national files a residency application to seek admission on the strength of the visa petition." (Compl. at ¶ 15).

---

[1] The Court recognizes that Defendant Gupta has submitted matters outside of the pleadings, that cannot be considered without converting the motion into a summary judgment motion, such as a Declaration from Gupta. *See* Fed. R. Civ. P. 12(d). This Court declines to convert the motion and thus will not consider such materials in connection with the res judicata argument. *See Courser v. Michigan House of Representatives*, 831 F. A'ppx 161, 169 (6th Cir. 2020) (A district court should "expressly reject evidence outside the complaint that is attached to a 12(b)(6) motion or an opposition to such motion" if it does not wish to treat the motion as a summary judgment motion.).

On July 7, 2020, Gupta "signed a U.S. Citizenship and Immigration Services ('USCIS') Form I-130, Petition for Alien Relative (the 'Visa Petition'). A copy of the Visa Petition is attached as Exhibit 3." (*Id*. at ¶ 17). On that same day, Ramgoolam "signed a USCIS Form I-485, Application to Adjust Status ('Residency Application'). A copy of the Residency Application is attached at Exhibit 4" to the Complaint. *(Id*. at ¶ 18). On July 13, 2020, Gupta's attorney transmitted the Visa Petition and Residency Application to USCIS for filing. (*Id*. at ¶ 19).

"Adjudication of the Residency Application required USCIS to assess whether" Ramgoolam "was subject to any of the grounds of inadmissibility enumerated in the Immigration and Nationality Act. See 8 U.S.C. § 1182. Among these, is public charge inadmissibility." (Compl. at ¶ 20).

"Public charge inadmissibility bars individuals likely to become financially dependent on American taxpayers." (*Id*. at ¶ 21). "In family-based immigration matters, the INA imposes a specific requirement for overcoming public charge inadmissibility. Family-based applicants – including those in cases predicated on marriage – are per se inadmissible on public charge grounds unless they provide a properly executed Affidavit of Support. 8 U.S.C. § 1182(a)(4)(C); see also 8 C.F.R. § 213a.2(a)(2)(i) (listing narrow categories of exceptions)." (*Id*. at ¶ 22).

Ramgoolam "did not qualify for any of the grounds that would have exempted him from the requirement to file an Affidavit of Support as a requirement for his Residency Application." (Compl. at ¶ 23). As the visa petitioner, Gupta "was required to file an Affidavit of Support. Under federal law, USCIS could not have approved Mr. Ramgoolam's Residency Application unless Dr. Gupta, as the petitioner, filed an Affidavit of Support." (Compl. at ¶ 24).

On July 7, 2020, Gupta signed an Affidavit of Support, listing Ramgoolam as the intending immigrant beneficiary (the "Affidavit of Support"). (Compl. at ¶ 25). A copy of the Affidavit of Support is attached as Exhibit 1 to the Complaint. (ECF No. 1-1). The Affidavit of Support expressly states that divorce will not terminate the sponsor's financial obligations. *Id.* at PageID.23) ("Divorce does not terminate your obligations under Form I-864").

Gupta "agreed to three distinct legal obligations by signing the Affidavit of Support," only one of which is the basis for this action. (Compl. at ¶ 31). Gupta agreed to provide Ramgoolam "with any support necessary to maintain his income at 125 percent of the Federal poverty guidelines ('Poverty Line') for his household size." (*Id*. at ¶ 31; ECF No. 1-1 at PageID.22). By signing the Affidavit of Support, Gupta acknowledged that Ramgoolam "can sue her to enforce his right to financial support." (Compl. at ¶ 35).

6

The Affidavit of Support was filed with USCIS in furtherance of Ramgoolam's Visa Petition, the USCI approved "Ramgoolam's Residency Application on February 24, 2021" and he became a Resident on February 21, 2021. (Compl. at ¶¶ 26-29). Gupta's "legal obligations under the Affidavit of Support commenced" when Ramgoolam became a resident on February 21, 2021. (Compl. at ¶ 30).

The marriage, however, deteriorated. On July 7, 2021, Gupta commenced divorce proceedings against Ramgoolam in state court. Gupta filed the divorce proceeding in the family division of the Oakland County Circuit Court, in Pontiac Michigan. The case was assigned to the Honorable Julie McDonald.

On March 24, 2022, a Judgment of Divorce was issued in the state-court divorce case. (*See* ECF No. 15-10). The Judgment of Divorce states that the "parties settled their divorce by signing a Confidential Divorce Settlement Agreement ('Agreement'). The Agreement resolves all issues arising out of the parties' marriage (including but not limited to alimony/spousal support, property division, custody, parenting time, child support, attorney fees, taxes, and other related issues.)". (*Id*. at PageID.526). It states that "[a]s set forth in the Agreement, neither party will pay spousal support to the other party, and each party forever waives his or her right to seek spousal support from the other party

7

pursuant to *Staple v. Staple*, 241 Mich App 562 (2000). Each party forever is waiving his or her rights to further modifiable alimony under M.C.L. § 552.28." (*Id.* at PageID.527). The Judgment of Divorce also includes the following release of claims:

Mutual Release of Claims

21. The Agreement and this Judgment (and all provisions in the Agreement and this Judgment) fully satisfy *any claims either party has or may have had against the other party from the beginning of time until this Judgment is entered, regardless of the kind or nature of those claims or potential claims*.

22. This mutual release includes (but not limited to) *potential or actual contract claims*, personal injury claims, and tort claims *which either party may have, have had, or could possibly claim against the other party.*

(*Id.* at PageID.529) (emphasis added).

As is the case with many divorce actions, especially where a minor child is involved, the parties came before Judge McDonald regarding various issues after the Judgment of Divorce was issued. In one such filing, Ramgoolam referenced this federal case. (ECF No. 15-4 at PageID.448). But there is no indication that he ever asked Judge McDonald to make any rulings regarding the Affidavit of Support at any point during the divorce proceedings.

On October 15, 2024, Ramgoolam filed this federal action against Gupta. In this action, Ramgoolam alleges that since February 21, 2021, Gupta has failed to

provide him "with the financial assistance required by the Affidavit of Support." (Compl. at ¶ 39). Ramgoolam alleges that his damages through December 31, 2023 total $28,563.00. (Compl. at 10).

## ANALYSIS

"In an attempt to prohibit the entry of immigrants who are likely to 'become a public charge,' the Government requires a sponsor of a family-based visa applicant to sign an Affidavit promising to provide financial support necessary to maintain the sponsored alien." *Ibrihm v. Abdelhoq*, 676 F.Supp.3d 575, 577 (N.D. Ohio 2023) (citing 8 U.S.C. § 1182(a)(4)(C) and 8 U.S.C. § 1183a(a)(1)(A)). An "immigration sponsor need not be the spouse or intended spouse of the immigrant. Any citizen or national of the United States over the age of 18, who is domiciled in the United States and can demonstrate the financial means to support the sponsored alien can serve as an immigration sponsor. 8 U.S.C. § 1183a(f)." *Mao v. Bright*, 645 F.Supp.3d 805, 811 (S.D. Ohio 2022). But frequently, as in this case, the immigration sponsor is either the spouse or intended spouse of the immigrant.

It is undisputed that Defendant Gupta signed such an Affidavit of Support, with Ramgoolam as the sponsored alien.

Pursuant to 8 U.S.C. § 1183a(e), "[a]n action to enforce an affidavit of support" "may be brought against the sponsor *in any appropriate court*" by either:

9

1) "a sponsored alien, with respect to financial support;" or 2) by a governmental agency, "with respect to reimbursement." 8 U.S.C. § 1183a(e) (emphasis added); *see also* 8 U.S.C. § 1183a(1)(c) (the affidavit is a contract in which "the sponsor agrees to submit to the jurisdiction of *any Federal or State court* for the purpose of actions brought under subsection(b)(2).") (emphasis added). As the Sixth Circuit has noted, pursuant to the statute, "[r]emedies available to enforce an affidavit of support . . . include an order for specific performance . . . and include corresponding *remedies available under state law.*" *Davis v. United States*, 499 F.3d 590, 595 (6th Cir. 2007) (citing 8 U.S.C. § 1183a(c)) (emphasis added).

In this case, Ramgoolam is the sponsored alien who seeks to purse such an enforcement action against Gupta, his ex-wife. In the pending Motion to Dismiss, Gupta asks this Court to dismiss this action: 1) under the *Rooker-Feldman* doctrine; and/or 2) under the doctrine of res judicata.

I. **The *Rooker-Feldman* Doctrine Does Not Apply Here.**

As her first challenge, Defendant asserts that this Court lacks subject matter jurisdiction over this case under the *Rooker-Feldman* doctrine, because this case is an improper collateral attack on the Judgment of Divorce entered in the state court.

The Court rejects this argument.

The "so-called *Rooker-Feldman* doctrine only applies in the 'limited circumstances' when 'state-court losers' bring actions in federal court 'complaining of injuries caused by state-court judgments' and 'inviting district court review and rejection of those judgments.'" *Fouts v. Warren City Council,* 97 F.4th 459, 463-64 (6th Cir. 2024) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 291, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)).

To determine if the doctrine applies, courts look to the source of the asserted injury in the federal complaint. *Berry v. Schmitt*, 688 F.3d 290, 299 (6th Cir. 2012). If the injury is caused by the defendant's actions, and not by the state court decision itself, then *Rooker-Feldman* does not apply. *Id*. at 674. As explained by the Sixth Circuit:

> The *Rooker-Feldman* inquiry is straightforward: We look at the "source of the injury the plaintiff alleges in the federal complaint," and if the source is anything other than "the state-court judgment itself," then *Rooker-Feldman* does not apply. *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020); *see also id.* at 409 (Sutton, C.J., concurring) ("Absent a claim seeking review of a final state court judgment, a federal court tempted to dismiss a case under *Rooker-Feldman* should do one thing: Stop.").

*Kitchen v. Whitmer*, 106 F.4th 525, 535 (6th Cir. 2024). Notably, "*Rooker-Feldman* does not address potential conflicts between federal and state orders [and

11

judgments]. That is the purview of the doctrines of comity, abstention, and preclusion." *Berry,* 688 F.3d at 299.

In asserting her *Rooker-Feldman* challenge, Defendant relies *on Davis v. United States*, 499 F.3d 590 (6th Cir. 2007).

In *Davis*, a husband submitted an Affidavit of Support in connection with his wife's immigration to the United States. The couple divorced a year later. During the state-court divorce proceeding, the wife was awarded $830 in monthly spousal support for a period of eight years, but the state-court specifically declined to enforce the Affidavit of Support. *Id*. at 592. The wife appealed and the state appellate court remanded to the trial court, with instructions to enforce the Affidavit of Support. Upon remand, the state trial court increased the amount of monthly support.

The husband then filed suit in federal court, seeking a declaration of his rights and duties in connection with the Affidavit of Support and "requested clarification of 'the level of support required by the INS I-864 Affidavit of Support.'" *Id*. at 593.

The district court dismissed the federal action under the *Rooker-Feldman* doctrine and the Sixth Circuit affirmed. In doing so, it explained that the husband's federal suit was improperly seeking federal review of a state court's

12

order enforcing the Affidavit of Support in his divorce case. *Id*. at 595. It explained that "the remedy available to him from the state court's allegedly erroneous construction of the Affidavit of Support is an appeal within the state court system and ultimately to the United States Supreme Court, not a collateral attack in the lower federal courts." *Id*. Thus, the federal action was barred under the *Rooker-Feldman* doctrine. *Id.*

Here, however, Plaintiff is not complaining of injuries caused by a state-court judgment. Unlike the plaintiff in *Davis,* Plaintiff is not seeking federal review of a state court's divorce judgment enforcing an Affidavit of Support. Indeed, Plaintiff's Complaint in this action makes no reference to the state-court's Judgment of Divorce and does not ask this Court to alter it in any manner.[2] The source of Plaintiff's alleged injury in the complaint in this federal action is Gupta's breach of her obligations under the Affidavit of Support.

Accordingly, this is not one of those limited circumstances wherein the *Rooker-Feldman* doctrine applies and divests this Court of subject matter jurisdiction.

## II. This Second Action Is Barred By The Doctrine Of Res Judicata.

---

[2] The Court notes that Defendant argues that Ramgoolam is seeking a result in this case that could be inconsistent and contrary to the terms of the state-court judgment of divorce, and the mutual release of claims in it. But "*Rooker-Feldman* does not address" such potential conflicts. *Berry*, 688 F.3d at 299.

When determining the preclusive effect of a state court judgment under res judicata, federal courts are required to give the judgments of a state court the same preclusive effect as they are entitled to under the laws of the state rendering its decision. *Executive Arts Studio v. City of Grand Rapids,* 391 F.3d 783, 795 (6th Cir. 2004). Accordingly, this Court applies Michigan law on res judicata. The parties agree that, under Michigan, the doctrine of res judicata bars a second, subsequent action when: 1) the prior action was decided on the merits; 2) both actions involve the same parties or their privies; and 3) the matter in the second case was, or could have been, resolved in the first. (ECF No. 17 at PageID.644; ECF No. 15 at PageID.418).

As the party raising the affirmative defense of res judicata, Gupta bears the "burden of proving the applicability of the doctrine." *Buck v. Thomas M. Cooley Law Sch.,* 597 F.3d 812, 817 (6th Cir. 2010) (explaining that under Michigan law, "[t]he burden of proving res judicata is on the party asserting it.").

It is undisputed that the prior action was decided on the merits and that both actions involve the same parties. Thus, only the third element is in dispute here.

Ramgoolam concedes that he never sought to enforce the Affidavit of Support at any point during his state-court divorce proceedings. (*See* ECF No. 17 at PageID.642, "Mr. Ramgoolam never raised his federal claim during the parties'

14

divorce," and at PageID.645 "Ramgoolam unquestionably did not raise his federal claim in the parties' divorce, so Dr. Gupta's argument must rest on whether Mr. Ramgoolam could have raised the claim in that forum.").

The parties disagree as to whether Ramgoolam *could have* sought to enforce the Affidavit of Support against Gupta during the state-court divorce proceeding.

Ramgoolam asserts that "states have reached conflicting decisions about whether a party to a divorce may enforce the Affidavit of Support in that forum." (ECF No. 17 at PageID.646).  He suggests that a divorce tribunal in Michigan lacks subject matter jurisdiction to adjudicate such a claim but provides no authority to support that position.  Rather, he suggests that res judicata should not apply under the circumstances presented here because it would have been a "matter of first impression" for Ramgoolam to have raised and adjudicated such a claim in a divorce proceeding in Michigan.  His counsel asserts that he has been unable to find "a single case where an Affidavit of Support claim has been adjudicated in a Michigan family court proceeding."  (ECF No. 17 at PageID.647).

The Court agrees with Defendant that the Affidavit of Support claim could have been raised and adjudicated during the state-court divorce proceeding.

The Court starts with the statute itself.  It expressly provides that an action to enforce an Affidavit of Support against a sponsor may be brought "*in any*

15

*appropriate court*" by "a sponsored alien, with respect to financial support." 8 U.S.C. § 1183a(e) (emphasis added). It further provides that an Affidavit of Support is a contract in which "the sponsor agrees to submit to the jurisdiction of *any Federal or State court*" for purposes of enforcement. 8 U.S.C. § 1183a(1)(c). And, as the Sixth Circuit noted in *Davis*, the statute provides that "[r]emedies available to enforce an affidavit of support . . . include an order for specific performance . . . and include corresponding remedies available under *state law*." *Davis,* 499 F.3d at 595 (emphasis added). Thus, the statute itself expressly provides for concurrent jurisdiction of state and federal courts to hear actions to enforce an Affidavit of Support.

As such, for many years, these claims have been raised and adjudicated in state-court divorce proceedings in states across the country. *See, eg.*, *Moody v. Sorokina*, 40 A.D.3d 14 (2007) (New York); *Naik v. Naik*, 399 N.J. Super 390 (2008) (New Jersey); *Iannuzzelli v. Lovett*, 981 So.2d 557 (2008) (Florida); *In re Marriage of Sandhu*, 41 Kan. App.2d 975 (2009) (Kansas); *In re Marriage of Kamali*, 356 S.W.3d 544 (2011) (Texas); *In re Marriage of Kumar*, 13 Cal.App.5th 1072 (2017) (California); *In re Marriage of Bychina*, 2021 IL App. (2d) 200303 (2021) (Illinois). And this includes states within the Sixth Circuit. *Davis, supra* (where enforcement claim was heard and decided in Ohio state-court divorce

16

proceeding); *see also Motlagh v. Motlagh*, 100 N.E.3d 937, 942 (Ohio App. 2017) (same); *Greenleaf v. Greenleaf*, 2011 WL 4503303 (Mich.App. 2011) (where enforcement claim was heard and adjudicated in Michigan state-court divorce proceeding).

Moreover, Ramgoolam's suggestion that a divorce tribunal in Michigan lacks subject matter jurisdiction to adjudicate such a claim has been rejected by the Michigan Court of Appeals, albeit in an unpublished decision. *Greenleaf v. Greenleaf*, 2011 WL 4503303 (Mich.App. 2011). In that case, one of the parties in a divorce proceeding requested spousal support and "requested that the trial court order [her ex-husband] to support her at an income level of 125 percent of the Federal Poverty Guidelines until [his] obligation under the Affidavit of Support terminates." *Id*. at *1. The judgment of divorce included a ruling regarding the amount of support to be paid. Defendant appealed.

Significantly, as it relates to this case, the Michigan Court of Appeals ruled that the family law division of the state circuit court has subject matter jurisdiction to adjudicate the parties' rights and obligations under the Affidavit of Support:

> This appeal concerns the interplay of the Affidavit of Support and any award of spousal support. *Initially, we note that the trial court found that it had jurisdiction to adjudicate the parties' rights and obligations under the Affidavit on Support. While this finding is not specifically challenged on appeal,[1] we find no error in the trial court's conclusion*. A trial court in a divorce action may only

17

> adjudicate the rights of the divorcing parties. *Reed,* 265 Mich.App at 157–158. "Thus, the trial court's jurisdiction is limited to the dissolution of the marriage, and to matters ancillary to the marriage's dissolution, such as child support, spousal support, an equitable division of marital assets, and the award to one spouse of the other spouse's property in certain circumstances." *Id.* at 158 (internal citation omitted). A trial court, in a divorce action, may not adjudicate the rights of third parties or order that property be conveyed to a third party. *Id.* Here, in determining the parties' rights and obligations under the Affidavit of Support, the trial court did not adjudicate the rights of any third party, such as a governmental or private agency that provided "means-tested public benefit" to defendant, nor did it order that property be conveyed to a third party. *The rights of the parties under the Affidavit of Support were ancillary to the dissolution of the parties' marriage*, as the Affidavit of Support obligated plaintiff to provide support to defendant to maintain her at an income of at least 125 percent of the Federal Poverty Guidelines and plaintiff's obligation was not terminated by divorce.

*Id.* at *2 (emphasis added).

Accordingly, for all of these reasons, the Court concludes that Ramgoolam could have raised his affidavit of support enforcement claim in the state-court divorce proceeding but failed to do so. The third element of res judicata is therefore satisfied and this second action is barred.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendant's Motion to Dismiss is GRANTED, to the extent that the Court concludes that this action is

barred by the doctrine of res judicata.  This action is DISMISSED WITH PREJUDICE.

    IT IS SO ORDERED.

Dated:  July 25, 2025                    s/F. Kay Behm
                                            F. Kay Behm
                                            United States District Judge

I hereby certify that on July 25, 2025, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

                                            s/Kourtney Collins
                                            Case Manager